Moses M. Weinstein, J.
This is a motion to quash a combined subpoena and subpoena duces tecum dated February 2, 1973, issued in connection with a judgment entered January 24, 1972 against Gaspare R. Márchese for unpaid taxes in the sum of $605,078.48. The city cross-moves pursuant .to CPLR 5211, and CPL 50.20, for an order granting immunity to the judgment debtor and compelling him to testify in the supplementary proceeding.
The judgment arises out of a violation of the cigarette tax law, in connection with which the judgment debtor pleaded guilty to a misdemeanor and was fined $500. By virtue of a prior subpoena, dated November 9, 1972, the judgment debtor appeared for examination at the general courthouse in Jamaica, *368 New York. After being sworn and giving Ms name, the judgment debtor refused to answer any questions, asserting his constitutional rights. The parties thereupon sought a ruling from Mr. Justice Holtzmait, then presiding in Special Term, Part II. The court upheld the debtor’s right against self incrimination, and thus the examination ended. Thereafter the city issued the subpoena which is the subject of the instant motion.
Defendant contends that the issuance of the subpoena (1) violates subdivision (f) of CPLR 5224; (2) violates the ruling of Mr. Justice Holtzmax, and (3) that, even the granting of immunity would not fully protect the judgment debtor. The substance of subdivision (f) of CPLR 5224 is that leave of the court is required to obtain a second examination of a judgment debtor where the first examination was concluded within the prior year. The issue of whether an examination which ends due to a refusal to testify is the conclusion of an examination within the purview of the statute need not be determined, although it is the opinion of this court that it is not, since if no other obstacle to the debtor’s testimony exists the court will direct an examination of the judgment debtor.
With respect to the second contention, while a perusal of the minutes of the argument before Mr. Justice Holtzman reveals that there was a colloquy pertaining to immunity, no application was made at that time to confer immunity upon the judgment debtor. Thus that ruling is not the law of the case and does not constitute a bar to the present application.
Turning then to the question of privilege and the granting of immunity, CPLR 5211 provides: ‘ ‘ The court may confer immunity upon any witness in accordance with the provisions of section 50.20 of the criminal procedure law for testimony or evidence in an enforcement procedure relating to disposition of property in which the judgment debtor has an interest, or relating to his or another person’s claim to be entitled, as against the judgment creditor or a receiver, to hold property derived from or through the judgment debtor, or to be discharged from the payment of a debt which was due to the judgment debtor; provided, however, that no immunity shall be conferred except upon twenty-four hours’ written notice to the appropriate district attorney having an official interest therein.” The city has served its notice of application to confer immunity upon the District Attorneys for all the boroughs and upon the United States Attorneys for the Eastern and Southern Districts Federal Courts. None of these officials have appeared. The judgment debtor asserts that, even if immunity were con *369 ferred, it would not prevent Federal prosecution. In this, he is in error. (Murphy v. Waterfront Comm., 378 U. S. 52; see Prince’s Richardson, Evidence [9th ed.], § 537, p. 551.) Further, an immunity statute does not protect a witness from perjury in the hearing covered by the immunity statute, and the logic of any argument seeking to avoid immunity, on the ground that the witness cannot then fabricate with impunity, is misplaced.
Under the circumstances, this motion is denied.
The cross motion to confer immunity upon Gaspare R. Márchese is granted, and he is directed to appear for examination pursuant to the subpoena; and he is further directed to testify thereat and, with respect to such testimony given at that hearing, he is granted immunity. The hearing shall be held at the office of the Clerk of Special Term, Part II, on the fifth floor of the general courthouse in Jamaica, New York, on June 7, 1973 at 10 :30 a.m.
Settle one order and provide therein for service of a copy thereof upon the District Attorneys for all the boroughs in the City of New York and the United States Attorneys for the Eastern and Southern Districts Federal Courts.